## No. 126
## KUNDERT v. KUNDERT

Ohio Appeals, 9th Dist., Summit Co.

No. 1220. Decided Jan. 24, 1927

413. DIVORCE & ALIMONY—In a divorce suit, where the court had jurisdiction of the subject matter and the parties, a decree of divorce was granted for the extreme cruelty of the husband, and the wife was given the real estate of the husband as alimony; the husband prosecuted error but waived error as to that part of the decree granting the wife a divorce; the Court of Appeals reversed the decree as to alimony and remanded the cause for trial de novo on that issue; on second trial the court found that the wife had been guilty of gross neglect of duty and refused to grant her alimony and made an order barring her of dower in the husband's real estate; Held, that the divorce being granted for the aggression of the husband, it was error for the court to make an order depriving the wife of dower.

460. EQUITY—An attack in equity upon the validity of a judgment is not a proceeding in rem and does not assail the court in which the judgment was rendered nor seek to change, modify, suspend or vacate the judgment, but is a proceeding in personem against a party to the judgment, seeking to deprive him of the benefit of the judgment.

**First Publication of this Opinion**

WASHBURN, J.

Capitola Kundert, before her marriage, owned some city lots, not of very great value. She married Oscar Kundert, who owned a house and lot more valuable than the lots that she owned. They had trouble and separated; no children being born.

The wife brought suit for divorce and alimony, the husband being duly served filed an answer and cross petition; the case was set for trial and the wife and her attorney appeared, the husband not being notified by his attorney did not appear; but his attorney was present and the trial proceeded and resulted in a decree of divorce, upon the aggression of the husband, for the wife, giving her the husband's property as alimony and divesting him of his dower right in her lots.

The husband perfected error proceedings and at the hearing, withdrew that part of his petition in error asking for a reversal of the divorce action. Upon hearing, the cause as to alimony was reversed and remanded to the Summit Common Pleas to be heard de novo.

Thereafter the husband filed a cross-petition, alleging that the decree for divorce was obtained by fraud, and charging the wife was guilty of gross neglect of duty and extreme cruelty, praying that the divorce granted the wife be reversed and that he instead should be granted the divorce.

Upon trial the Summit Common Pleas refused to set aside the divorce, but found that the wife was guilty of gross neglect of duty and therefore was not entitled to alimony and ordered that the husband should retain his property and that the wife should have no dower therein.

The judgment of the lower court is here on review upon a petition in error filed by the wife claiming that the decree granting her a divorce at the agression of the husband being unreversed, she was, as a matter of law, entitled to dower in her husband's real estate; that the lower court was without power to deprive her of same; and that she should be granted some alimony no matter what competent evidence there was under the pleading. The Court of Appeals held:

1. Secs. 11990 GC. and 11991 GC., referring to the granting of alimony and how same shall be paid and determined, some of the courts have held are mandatory, in regard to alimony. In light of 11992 GC. such is not the case and it is discretionary with the judge subject to a reviewing court.

2. It is not within the power of a court in a divorce proceeding to deprive the wife of her dower without her consent, where the divorce is granted to her for the aggression of the husband. 67 OS. 340.

3. It is claimed at the de novo trial the court had the right to determine that the wife and not the husband was guilty of aggression

as would warrant the granting of a divorce, and the court having so found, could make any finding of alimony or dower that it saw fit.

4.  We do not agree with this claim, if the court had found that the first divorce had been obtained by fraud it would have had the right to have enjoined the wife from claiming or enforcing her right to such dower.

5.  Such equitable remedy is not a proceeding in rem, and does not assail the court in which the judgment was rendered nor seek to change, modify, suspend or vacate the judgment, but is a proceeding in personum against a party to the judgment, seeking to deprive him of the benefit of the judgment by enjoining him from enforcing it.

6.  The divorce having been granted, the status of the parties and their dower rights were fixed by statute and could not be changed by the court by a mere finding that the wife was guilty of gross neglect of duty, that would be a collateral attack upon the judgment.

7.  There is a suggestion that the barring of the wife's dower was a granting of alimony to the husband.  Dower is property in a sense, but not in the sense involved in such suggestion.  The positive provisions of the statute regulating dower cannot be nullified by regarding it as property, subject to the alimony order of the court.

8.  The judgment of the trial court in reference to said dower, being erroneous, is reversed and held for naught and in all other respects, the judgment is affirmed.

Judgment accordingly.

(Pardee, PJ., and Funk, J., concur.)

Attorneys—Rockwell & Grant, Akron, for C. Kundert; Mote & Morris, Cuyahoga Falls, for O. Kundert.